Thomas H. Allen, State Bar #11160
Khaled Tarazi, State Bar #32446
**ALLEN BARNES & JONES, PLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email: tallen@allenbarneslaw.com
ktarazi@allenbarneslaw.com

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| In re: | Chapter 7 |
|---|---|
| KENNETH MICHAEL HARRIS, | Case No. 2:16-bk-06116-BKM |
| Debtor. | **OBJECTION TO UNITED STATES TRUSTEE'S MOTION TO EXTEND TIME TO FILE MOTION TO DISMISS OR NON-DISCHARGE COMPLAINT** |

Kenneth Michael Harris ("Debtor"), by and through undersigned counsel, hereby files this Objection to the *United States Trustee's Motion to Extend Time to File a Motion Pursuant to § 707(B)(3) and to File a Complaint Objecting to Discharge* [ECF No. 13] ("Motion") filed by the United States Trustee ("UST"). The Court may grant the extensions sought in the Motion only for cause, and the UST has failed to establish any cause in this case. Therefore, the Debtor respectfully requests the Court enter an Order denying the Motion. The following memorandum of points and authorities supports this Objection.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**A.  FACTUAL BACKGROUND**

1. On May 30, 2016 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, thereby initiating this case ("Case").

2. On May 30, 2016, the Debtor also contemporaneously filed his schedules and statements. See ECF No. 1.

3. Mr. S. William Manera was appointed as the Chapter 7 Trustee in this Case.

4. On May 31, 2016, the Court issued the *Notice of Chapter 7 Bankruptcy Case –*

\\bfs-9000\Documents\2800\2836 - Harris, Ken\02 Pleadings\Non-Discharge Extension\Objection to UST Motion for Extension of Time.Fnl.docx

Case 2:16-bk-06116-BKM    Doc 16    Filed 09/20/16    Entered 09/20/16 15:09:13    Desc
Main Document    Page 1 of 5

*No Proof of Claim Deadline* ("Bankruptcy Notice"), in which the Court scheduled the Code § 341 First Meeting of Creditors ("341 Meeting") for July 7, 2016 at 9:00 A.M. See ECF No. 5.

5. On May 31, 2016, the Court issued a Certificate of Notice in connection with the Bankruptcy Notice. See ECF No. 6.

6. Pursuant to the Certificate of Notice, the UST received notice of the Notice of Bankruptcy with the scheduled date and time of the 341 Meeting. Id. at p. 1.

7. On July 6, 2016, the Court entered an Order approving the Chapter 7 Trustee's application to employ the law firm of Lane & Nach, P.C. to represent the Chapter 7 Trustee in the Debtor's case. See ECF No. 10.

8. On July 7, 2016, the Chapter 7 Trustee held the 341 Meeting as originally scheduled and the Debtor appeared as required. See ECF No. 11.

9. Upon information and belief, the UST did not appear at the 341 Meeting.

10. On July 11, 2016, the Chapter 7 Trustee filed his *Report of No Distribution* ("Report"). See ECF No. 12. The Report reads in part as follows:

> I, S. WILLIAM MANERA, having been appointed trustee of the estate of the [Debtor], report that I have neither received any property nor paid any money on account of this estate; that *I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate*; and that there is no property available for distribution from the estate over and above that exempted by law.

Id. (emphasis added).

11. Pursuant to Bankruptcy Rules 1017(e)(1) and 4004(a), the deadline for (i) filing a motion to dismiss the Case under Code § 707(b), and (ii) the deadline for filing a complaint objecting to discharge in this Case was September 6, 2016 (together, the "Deadlines").[1]

12. On September 6, 2016 at 3:50 P.M., the UST filed the Motion seeking extensions of the Deadlines.

13. According to the Motion, the UST is "in the process of investigating" certain information in this Case.

---

[1] The sixtieth day following the 341 Meeting was Labor Day on September 5, 2016. Pursuant to Bankruptcy Rule 9006(a)(1)(C), the Deadlines were the following day, September 6, 2016.

14. Prior to the filing of the Motion, the UST never filed an application for an examination under Bankruptcy Rule 2004.

15. Prior to the filing of the Motion, the UST never contacted Debtor's counsel for any reason in connection with this Case, investigatory or otherwise.

16. Since filing the Motion on September 6, 2016, the UST has not contacted Debtor's counsel to request any documents, information, or for any other reason in this Case.

17. Upon information and belief, the only investigatory act taken by the UST in this Case is the filing of the Motion.

**B.   LEGAL ARGUMENT**

The UST's request for extension is not only unsupported by the Bankruptcy Rules and case law, it runs contrary to them. Pursuant to Rule 1017(e), a motion to dismiss under Code § 727(b) may be filed "only within 60 days after the first date set for the meeting of creditors under § 341(a), unless, on request filed before the time has expired, the court *for cause* extends the time for filing the motion to dismiss." (emphasis added). Similarly, Rule 4004(a) provides that a complaint objecting to the debtor's discharge must be filed "no later than 60 days after the date set for the [§ 341 meeting of creditors]," and Rule 4004(b) states that "the court may *for cause* extend the time to object to discharge." (emphasis added). "The moving party has the burden of proof to show cause to extend the time for matters relating to the debtor's discharge. The same standard has been applied to motions for additional time under Rule 1017(e)(1)." In re Bomarito, 448 B.R. 242, 248 (Bankr. E.D. Cal. 2011) (internal quotations and citations omitted).

"The power to extend the 60-day deadlines prescribed in the Rules 'rests entirely within the discretion of the bankruptcy judge and should not be granted without a showing of good cause, and without proof that the [party in interest] acted diligently to obtain facts within the bar date . . . but was unable to do so.'" Id. "[I]f a party has sufficient notice and information to file an objection in time, no extension is appropriate, especially if the party seeking the extension has made no attempts at discovery during all or most of the time available to it." 9-4004 Collier on Bankruptcy P 4004.03 (16th). In Bomarito, the court considered a similar motion brought by

3

Case 2:16-bk-06116-BKM    Doc 16    Filed 09/20/16    Entered 09/20/16 15:09:13    Desc
Main Document    Page 3 of 5

the United States Trustee in that case. The court stated that the analysis of whether a party has exercised proper due diligence prior to seeking extensions of the deadlines set forth in the Rules requires addressing two questions: "(1) What effort did the [party] make to investigate the applicable circumstances within the 60 days allowed by the Rules, and (2) Why wasn't the [party] able to complete that investigation within the allotted time?" See Bomarito at 250.

Here, the UST has taken no affirmative steps to gather information from the Debtor prior to filing the Motion. In addition, the Motion only vaguely states what the UST's intentions are with regard to seeking extensions of the Deadlines. To wit, the Motion states:

> [T]he UST is in the process of investigating the acts, conduct or property or the liabilities and financial condition of the Debtor, and other matters which may affect the administration of the Debtor's estate, or the Debtor's right to discharge and has not yet been able to determine whether it is appropriate to take action with respect to these issues . . . In particular, the UST is investigating the accuracy of Debtor's disclosures in his filed documents with the Court, including but not limited to his assets and liabilities as well as possible business interest.

Motion at pp. 1-2. The preceding excerpt from the Motion is the only "cause" the UST cites for extensions of the Deadlines. Yet it is unclear from the Motion whether the UST has already been investigating acts, conduct, property, assets and liabilities, financial condition, and the accuracy of the Debtor's disclosures, or whether the UST only intends to begin now. Such a broad and general statement of the grounds for extensions fails to rise to the level of cause to justify such extensions.[2]

The Chapter 7 Trustee hired counsel, conducted a diligent inquiry into the financial affairs of the Debtor, and found that there is no property available for distribution to creditors above the exemption amounts. Until the filing of the Motion, the Debtor and his counsel were unaware that the UST had any interest in this Case. The UST did not appear at the 341 Meeting, did not file an application for 2004 examination, and never contacted Debtor's counsel to coordinate any requests for information. Further, since the filing of the Motion, the UST has still not contacted Debtor's counsel at all, let alone to continue an ongoing investigation in this

---

[2] The broad language used regarding "the acts, conduct or property or the liabilities and financial condition of the debtor, and other matters which may affect the administration of the Debtor's estate" mirrors the language of Bankruptcy Rule 2004, but the UST has not filed any applications for 2004 examinations in this Case, before or since filing the Motion.

4

Case. Unless, unbeknownst to the Debtor or his counsel, the UST has been acting diligently to obtain facts within the original bar date and beyond, no cause or justification exists under the Bankruptcy Code or Rules to grant the UST's request for extensions of the Deadlines. Without evidence that the UST exercised such due diligence, the Motion is procedurally deficient and should be denied.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order denying the UST's Motion for extensions of the Deadlines and for such further relief as the Court deems necessary and appropriate.

DATED: September 20, 2016

**ALLEN BARNES & JONES, PLC**

*/s/ THA #11160*
Thomas H. Allen
Khaled Tarazi
1850 N. Central Ave. Suite 1150
Phoenix, Arizona 85004
*Attorneys for Debtor*

**E-FILED** on September 20, 2016 with the U.S. Bankruptcy Court and copies served via ECF notice on all parties that have appeared in the case.

**COPY** mailed and emailed same date to:

Patty Chan
Office of the U.S. Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003-1706
patty.chan@usdoj.gov

**COPY** e-mailed the same date to:

Adam Nach
LANE & NACH, P.C.
2001 East Campbell, Suite 103
Phoenix, AZ 85016
adam.nach@azbar.org
*Counsel for Chapter 7 Trustee*

/s/ *Misty Vasquez*